PEAY *v.* SEARCY COUNTY.

Opinion delivered February 16, 1914.

WITNESSES—ATTENDANCE AT COURT—RIGHT TO FEES.—Witnesses, who were compelled to attend the trial of a cause in which they were

subpoenaed as witnesses, are entitled to their fees for attendance, whether they were used as witnesses or not, and although the court excluded their testimony as incompetent.

Appeal from Boone Circuit Court; *George W. Reed,* Judge; reversed.

### STATEMENT BY THE COURT.

The facts of this case are precisely similar to the case of *Gordon N. Peay et al.* v. *Searcy County,* 104 Ark. 133, except that the record, in the above case shows that the appellant Peay presented his account, for witness fees now claimed, to the county court of Searcy County for allowance without having the circuit court to certify the amount to the county court for allowance; and ·on the former appeal we held that the county court was precluded from allowing expenses and witness fees that accrued in a prosecution for a felony in the circuit court that had not been first certified.to that court by the circuit court where the trial was had.

In the former opinion we said: "The claimant is not, however, without remedy. The adjustment of the costs is made in his absence and when he is not a party to the record, but he can apply to the court on a subsequent day or term for retaxation of the costs so as to include his claim, and if relief is denied in· that way he has his remedy by appeal."

The appellants filed their motion to retax the costs, which was overruled by the court, and from the judgment of the circuit court refusing them relief they have prosecuted this appeal.

*S. W. Woods,* for appellant.

Wood, J., (after stating the facts). The circuit court gave as reasons for refusing to retax the costs that "the witnesses were subpoenaed as character witnesses, and none of them lived within one hundred and fifty miles from where the defendant had lived for more than nine months prior to the time of the commission of the crime, and they were not competent as character witnesses." Further, "that none of the· witnesses lived

within two hundred miles of Harrison, where they appeared as witnesses, and there was no effort to take the depositions of any of said witnesses.''

Section 2265 of Kirby's Digest provides that the clerk of the court, upon the request of the defendant, or his attorney, shall issue a subpoena for witnesses. And section 2266 provides for coercing ''the attendance of witnesses residing in any part of the State.'' Under section 2268 of Kirby's Digest, the depositions of witnesses to be used in criminal cases can only be taken when ordered by the court or judge under certain conditions, none of which were shown to exist in the case of appellants.

Appellants were compelled to attend the trial of the case in which they were subpoenaed as witnesses. It was not a question for them to determine as to whether they would be used or not. They were still witnesses and entitled to their fees for attendance, although the court held that their testimony was incompetent.

The judgment of the circuit court is therefore reversed and the cause remanded with directions to enter a judgment retaxing costs so as to include the claims of appellants and to certify the same to the county court for allowance.